**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL TRAHAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12850** |
| **SAMUEL HAYES, PRIMORIS ENERGY SERVICES CORPORATION, AND LIBERTY MUTUAL INSURANCE COMPANY** | **SECTION "B"(2)** |

## ORDER AND REASONS

Plaintiff filed a motion to remand, alleging the removal of the case was untimely. Rec. Doc. 4. Defendant timely filed a response in opposition. Rec. Doc. 9. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a complaint against defendants Samuel Hayes ("Hayes"), Primoris Energy Services Corporation and Liberty Mutual Insurance Company in Orleans Civil District Court for injuries resulting from a motor vehicle collision on April 16, 2018. Rec. Doc. 1-2 at 1. Plaintiff alleges that defendant Samuel Hayes' fault and negligence in operating the vehicle caused the collision, and that Hayes was in the course and scope of his employment with Primoris Energy Services Corporation at the time of the accident. Rec. Doc. 1-2 at 2. Defendants filed their answers in state court, denying plaintiff's allegations and asserting that any damages plaintiff may have sustained were the result of plaintiff's own

1

fault. Rec. Doc. 1-2 at 22-24. A pretrial scheduling conference was set before Judge Christopher Bruno at Orleans Civil District Court for October 30, 2019. Rec Doc. 1-2 at 46. Defendants filed a notice of removal on September 27, 2019 on the basis of diversity jurisdiction. Rec. Doc. 1. Defendants asserted that the parties had diverse citizenship and the amount in controversy exceeded the $75,000 minimum amount, based on a physician's recent recommendation that plaintiff undergo C5-6, C6-7 anterior cervical discectomy and fusion which has an estimated cost of $53,656. Id. at 3.

Plaintiff filed the instant motion to remand claiming that defendants' removal notice was procedurally deficient because it was untimely. Rec. Doc. 4-1. Defendants filed a response in opposition stating that their notice of removal was timely filed within 30 days of the point at which it became clear that plaintiff's claims met the minimum threshold for diversity jurisdiction. Rec. Doc. 9.

**LAW AND ANALYSIS**

District Courts have original jurisdiction, called diversity jurisdiction, over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). If a civil action over which the district courts of the United States have original jurisdiction is brought in a State Court, it "may be removed by the defendant or

2

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants must file a notice of removal pursuant to 28 U.S.C. §1446. Generally,

> "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,"

28 U.S.C. § 1446(b)(1).

However,

> "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3).

The removing party bears the burden of showing that removal was proper, and any ambiguities are to be strictly construed in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002).

The issue before the Court in this case is a "timeliness dispute" rather than an "amount dispute." *Mumfrey v. CVS Pharmacy*, Inc., 719 F.3d 392, 398 (5th Cir. 2013). That is, parties do not disagree as to whether the amount in controversy has been met but rather, plaintiff argues that the defendants have missed the

3

deadline for removal and is therefore barred from removing. *Id.* As stated above, § 1446(b)(1) states that generally notice of removal shall be filed within 30 days of receipt by the defendant of the initial pleading. However, the Fifth Circuit has held the thirty-day clock is only triggered by the initial pleading if it "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount." *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992). When state laws prohibit plaintiffs from pleading unliquidated damage amounts, as is the case in Louisiana, the Fifth Circuit has held that a plaintiff should place "in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount" if she wishes the thirty-day time period to run from the defendant's receipt of the initial pleading. *Mumfrey* at 400. In this case, plaintiff did not include such a provision in his state court petition, and therefore neither party disputes that the thirty-day clock did not begin to run at the time the initial state court case was filed.

This leaves the Court to analyze when the thirty-day clock begin to run under § 1446(b)(3), which states that defendants must file a notice of removal within thirty days of receipt of an "other paper from which it may first be ascertained that the case is one which is or has become removable." The Court will analyze when the thirty-day clock began to run below.

A. <u>Defendant's Notice of Removal was Timely</u>

Defendants' notice of removal was not procedurally defective because it was filed within thirty days of receipt of plaintiffs' surgery estimate from Dr. Wyatt estimating the cost of surgery to be $53,656. Parties disagree as to which "other paper" began the thirty-day window for removal. Plaintiff asserts that the interrogatory responses and medical records plaintiff and plaintiff's counsel provided to defendants on July 16, 2019 specifically stated that "Plaintiff's medical specials are $45,730.43" and therefore the removal window opened at that time. Rec. Doc. 4-1 at 2. Defendants argue that it was not "unequivocally clear and certain" that the requisite jurisdictional amount in controversy had been met until receipt of Dr. Wyatt's surgery estimate on September 26, 2019. Rec. Doc. 9 at 2.

Defendants specifically argue that plaintiffs' responses to discovery did not make it "unequivocally clear and certain" that the amount in controversy was met because the medical cost of $45,730.43 is well below $75,000. *Id.* In support of their argument defendants cite to cases holding that defendants' thirty-day removal period is not triggered until the defendants receive "other paper" containing specific damage estimates in excess of $75,000. *Id.* Defendants cite to two cases on point with the issue before the court; however, neither case is mandatory authority in this

5

court as both cases were decided in the Western District of Louisiana.

In *Blake v. Wal-Mart Stores Inc.*, the Western District considered whether the notice of removal was filed within thirty days of receipt of "other paper" which made the case removeable. *Blake v. Wal-Mart Stores, Inc.*, 358 F. Supp. 3d 576, 576-583 (W.D. La. 2018). The plaintiff filed suit in state court on October 4, 2017; thereafter, defendant removed the case to federal court on April 20, 2018 after it received discovery responses indicating that plaintiff needed surgery with anticipated medical expenses over $125,000. *Id.* Plaintiff filed a notice of remand asserting that removal was untimely because earlier discovery responses and medical records, received more than thirty days before the removal was filed, should have indicated that the amount in controversy exceeded $75,000. *Id.* The court determined the discovery responses and medical records provided facts that might have supported the defendant's burden of establishing the amount in controversy if the defendant had chosen to remove the case at an earlier time. *Id.* However, the court ultimately decided nothing in the discovery responses made an express demand for more than $75,000, evidenced medical bills more than $75,000, or otherwise made it "unequivocally clear and certain" that more than $75,000 was being sought by the plaintiff. *Id.* at 580. Thus, the discovery responses did not mandate that the defendant remove the case and did not

make the defendants removal untimely. *Id.* The plaintiff argued that the defendant could have used the Louisiana quantum decisions to determine that an award for the plaintiff's type of injuries exceeded $75,000. *Id.* However, "the necessity of independent research to ascertain the amount in controversy shows the discovery responses were not 'unequivocally clear and certain'." *Id.* at 580 quoting *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. Appx. 437, 480 (5th Cir. 2011). Thus, it was not until the defendant received discovery responses that specified anticipated medical expenses to be in excess of $127,000 that it became "unequivocally clear and certain" that the amount in controversy exceeded $75,000. *Blake,* 358 F. Supp. 3d at 582. Accordingly, in applying the ruling in *Blake* to the present case, the defendants' removal was timely because it was not until the defendant received Dr. Wyatt's surgical estimate that the amount in controversy exceeded the jurisdictional amount. Although the present defendant could have earlier used the Louisiana quantum to determine an estimated award for injuries of that similarly reported by the plaintiff and use such to support removal to the federal court, such independent research demonstrates that the plaintiff's discovery responses were not "unequivocally clear and certain" as to the amount in controversy. Thus, the discovery responses did not begin the thirty-day removal clock making removal untimely.

7

*Matute v. Wal-Mart Stores Inc.* considered whether a notice of removal was filed within thirty days of receipt of "other paper" which made the case removable. *Matute v. Wal-Mart Stores, Inc.*, No. CV 19-0124, 2019 WL 2396870, (W.D. La. May 21, 2019), *report and recommendation adopted,* No. CV 19-0124, 2019 WL 2385194 (W.D. La. June 5, 2019). In *Matute,* the plaintiff filed suit on May 24, 2018, in state court. *Id.* On February 1, 2019, the defendant removed the case to federal court based on diversity jurisdiction after receiving plaintiff's medical bills and records that included a specific damage estimate in excess of the jurisdictional amount on January 16, 2019. *Id.* Subsequently, plaintiff filed a motion to remand asserting that removal was untimely as defendant had received several medical records and bills more than thirty days prior to removal. *Id. Matute* is different from the present case because the defendant was also the plaintiff's employer.

However, in *Matute* the plaintiff, like the plaintiff in the present case, argued that the defendant was in possession of medical bills and reports in which it could have used to remove the case thereby starting the thirty-day period. *Id.* Nevertheless, the court noted "[r]emoving defendants, however, are not held to a due diligence standard." *Id.* citing *Drago v. Sykes*, Civ. Action No. 13-563, 2013 WL 3804834 (E.D. La. July 19, 2013). The court explained that there was no indication at any time more than 30 days prior to removal that plaintiff provided defendant with an

"other paper" that contained specific damage estimates in excess of $75,000 which would have triggered the thirty-day removal period under 28 U.S.C. § 1446(b)(3). *Matute v. Wal-Mart Stores, Inc.*, No. CV 19-0124, 2019 WL 2396870, (W.D. La. May 21, 2019), *report and recommendation adopted,* No. CV 19-0124, 2019 WL 2385194 (W.D. La. June 5, 2019). In following the Western District's ruling in *Matute*, the defendants' removal in the present case is timely, because the medical records provided to defendants on July 16, 2019 did not contain specific damages in excess of $75,000.

Furthermore, in *Mumfrey v. CVS*, the Fifth Circuit failed to hold defendants to a due diligence standard and reiterated that "other paper" must be "unequivocally clear and certain" that the jurisdictional amount has been met to start the removal clock.[1] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013). In *Mumfrey* the Fifth Circuit affirmed a lower courts decision that the removal clock was not triggered until the defendant received a copy of an amended petition seeking $3,575,000. *Id.* Plaintiff argued that his initial pleadings were removable because his list of damages was so extensive it was clear his claims satisfied the

---

[1] *Mumfrey v. CVS Pharmacy* overturns *Bosky v. Kroger Texas, LP*, on a different issue than the issue before the court today. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013). In *Bosky* the court cites to two cases to support its assertion that the court has held that specificied damage estimates less than the minimum amount combined with other unspecified damage claims may provide sufficient notice that an action is removable. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 209 (5th Cir. 2002). *Mumfrey* overturns *Bosky* on the grounds that the cited cases are amount dispute cases and not timeliness disputes.

jurisdictional amount. *Id.* Specifically, plaintiff sought lost wages and argued that the defendant, as the plaintiff's employer, had access to the plaintiff's salary, and could calculate the loss wages to access whether the amount in controversy had been met. *Id.*

The court found that the removal clock was not triggered until the defendant received a copy of an "amended pleading, motion, order, or other paper from which" it was first ascertainable that the case was removable. *Id.* The amended petition seeking $3,575,000 in damages was defendant's first notice that the jurisdictional amount was met. *Id.*

Likewise, judges in this district have held that defendants are not held to a due diligence standard in determining whether the jurisdictional amount has been met where the plaintiff's "other paper" has not made it "unequivocally clear and certain" that the amount in controversy has been met. *See Quest v. Church Mut. Ins. Co.*, No. CIV.A. 13-4872, 2013 WL 6044380, at *3 (E.D. La. Nov. 13, 2013) (holding that an email sent to defendant that included past medical bills and an estimate for upcoming medical expenses totaling $34,532.70 did not make it "unequivocally clear and certain" that more than $75,000 was at issue and thus did not begin the removal clock); *Carter v. Strategic Rest. Acquisition Co. LLC*, No. CV 16-2673, 2016 WL 2825848, at *4 (E.D. La. May 13, 2016) (holding that medical records which included a surgery

10

recommendation with estimated cost of $19,000 did not make it *unequivocally clear and certain* that the amount-in-controversy requirement exceeded $75,000); and *Profit v. IAT Ins. Grp.*, No. CV 18-10897, 2019 WL 1349846, at *2 (E.D. La. Mar. 26, 2019) (holding that documentation regarding plaintiff's lower back pain, radiating neck pain with numbness and tingling, failed conservative treatment, referral for pain management, cervical and lumbar MRIs revealing significant stenosis at C5-6 and C6-7, records indicating a doctor's plan to proceed with cervical epidural steroid injections, and medical bills totaling $11,328.30 did not begin the removal clock because it did not make it "unequivocally clear and certain" that the amount in controversy exceeded $75,000)[2].

Therefore, defendants' thirty-day window for removal began upon receipt of Dr. Wyatt's recommendation that plaintiff undergo C5-6, C6-7 anterior cervical discectomy and fusion estimated at $53,656. Thus, defendants notice of removal filed on September 27, 2019 was timely.

New Orleans, Louisiana this 3rd day of December, 2019

SENIOR UNITED STATES DISTRICT JUDGE

---

[2] *Profit v. IAT Ins. Grp.* notes that the removal clock did not begin because there was no surgical recommendation, but makes reference that the outcome may have been different had a surgical recommendation been made.

11